*United States* (T. D. 47760), and *Woolworth* v. *United States* (T. D. 48573) uninflated rubber balls and tennis rackets were held dutiable at 30 percent under paragraph 1502 as claimed.

No. 40393.—Protest 835082–G of New York Merchandise Co., Inc. (New York).

Opinion by SULLIVAN, J. It was stipulated that the merchandise consists of uninflated rubber balls or so-called beach balls the same as those the subject of *United States* v. *Woolworth* (24 C. C. P. A. 338, T. D. 48770). The claim at 30 percent under paragraph 1502 was therefore sustained.

No. 40394.—Protests 958369–G, etc., of Cline Stewart Co., Inc., et al. (Los Angeles).

Opinion by SULLIVAN, J. It was stipulated that the merchandise consists of uninflated rubber balls or so-called beach balls the same as those the subject of *United States* v. *Woolworth* (24 C. C. P. A. 338, T. D. 48770). The claim at 30 percent under paragraph 1502 was therefore sustained.

No. 40395.—Protests 840427–G, etc., of Wo Kee & Co. et al. (San Francisco).

Opinion by BROWN, J. In accordance with stipulation of counsel and on the authority of *Rapken* v. *United States* (25 C. C. P. A. 268, T. D. 49393) the alcoholic medicinal preparations in question were held dutiable at 40 cents per pound and 25 percent ad valorem under paragraph 24 as claimed.

BEFORE THE SECOND DIVISION, JANUARY 11, 1939

No. 40396.—Protest 788575–G of H. A. Caesar & Co. (New York).

TILSON, Judge: In this suit against the United States the plaintiffs claim that the merchandise is entitled to a reduction of 20 percent of the rates of duty or tax provided by law or to the benefit of such reduced rate as is specified in any treaty or trade agreement by virtue of treaty or trade agreement with the country of exportation, or section 350 (a) of the Tariff Act of 1930, as amended.

In his brief filed herein counsel for the plaintiffs set out his contention as follows:

It is here claimed that the merchandise at bar is entitled to a 20% reduction in duties in accordance with the allowance made by said trade agreement with Cuba published in T. D. 47232. Under this agreement and by virtue of the proclamation cited, the merchandise at bar from Cuba would be entitled to a 20% reduction from the duties specified in the Tariff Act of 1930 by virtue of the last paragraph of Article III of the trade agreement. The merchandise at bar is not covered by Schedule II of said trade agreement.

In section 350 (b) of an act dated June 12, 1934, amending the Tariff Act of 1930, the Congress specifically provided that:

Nothing in this section shall be construed to prevent the application, with respect to rates of duty established under this section pursuant to agreements with countries other than Cuba, of the provisions of the treaty of commercial reciprocity concluded between the United States and the Republic of Cuba on December